UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANH THI NGO,

             Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

             Respondents.

No. 1:26-cv-02693-DJC-AC

ORDER

Petitioner Anh Thi Ngo is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)).  The Court directed respondent to file a Return under 28 U.S.C. § 2243.  (ECF No. 5.)  Respondents have now responded to the Court's Order (Opp'n (ECF No. 9)), and filed an additional supplement (ECF No. 10).  Petitioner has filed a Reply.  (ECF No. 11.)

**BACKGROUND**

Petitioner, who was originally born in Vietnam, is presently in the custody of Immigration and Customs Enforcement ("ICE").  (Pet. ¶ 1.)  Petitioner was ordered removed from the United States in 2006.  (*Id*. ¶ 20.)  Following the order of removal, Petitioner was released from ICE custody on an order of supervision, purportedly because removal to Vietnam was not practicable.  (Pet. ¶ 21.)  Petitioner remained out of custody until September 16, 2025, Petitioner was re-detained by ICE.  (Pet. ¶ 23.)

**DISCUSSION**

In light of the information presently before the Court, the Court cannot presently find that Petitioner is entitled to relief.  In their response, Respondents note

that the Government has obtained travel documents  for Petitioner to effectuate her removal to Vietnam.  (*See* ECF No. 9–1.)  Respondents later supplement represents that Petitioner has been scheduled for a May 5, 2026 charter flight.

It is undisputed that Petitioner is subject to a final removal order.  As such, ICE has the authority to detain Petitioner to affect her removal as a non-citizen.  *See Phan v. Becerra*, No. 2:25-cv-01757-DC-JDP, 2025 WL 1993735, at *3 (E.D. Cal. July 16, 2025); *see also* 8 U.S.C. § 1231.  Where a noncitizen subject to a final order of removal has been released, revocation of that release is governed by 8 C.F.R. § 241.13(i).  *See Hoac v. Becerra*, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771, at *3 (E.D. Cal. July 16, 2025).  Section 241.13(i)(2) provides that revocation of release is permissible "if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future."  If ICE has made such a determination, the Court reviews that claim in light of the factors described in 8 C.F.R. § 241.13(f).  *See Hoac*, 2025 WL 1993771, at *3.  These factors include, but are not limited to:

> [T]he history of the alien's efforts to comply with the order of removal, the history of the Service's efforts to remove aliens to the country in question or to third countries, including the ongoing nature of the Service's efforts to remove this alien and the alien's assistance with those efforts, the reasonably foreseeable results of those efforts, and the views of the Department of State regarding the prospects for removal of aliens to the country or countries in question.

8 C.F.R. § 241.13(f).

Respondents have met their burden to establish that there has been a change in circumstances to warrant re-detention.  The Government represents that they have successfully obtained travel documents from the government of Vietnam and have scheduled Petitioner for an upcoming flight.  Under these facts, the Court cannot find that the factors under section 241.14(f) do not suggest there is a significant likelihood

2

that Petitioner may be removed in the reasonably foreseeable future.  As such, the Petition is not entitled to relief.

In her Reply, Petitioner argues that the fact that the procurement of travel documents does not alter that her original re-detention violated statute, regulations and the Constitution.  (Reply at 2.)  It may well be true that Petitioner's re-detention was improper – the fact that Petitioner will have been in custody for over 7 months at the time of the scheduled flight certainly raises questions to that effect.  But where, as here, there is a concrete showing that Petitioner will be removed in the near future, the Court cannot reasonably find that Petitioner is entitled to relief.

Petitioner also argues that Respondents' procurement of travel documents and scheduling of a flight does not establish that removal is reasonably foreseeable. (Reply at 3–5.)  Petitioner's concerns that removal is not actually imminent despite Respondents' representations is not without basis.  However, with the information presently before the Court, it is impossible for the Court to reach any conclusion to the contrary.  Given the concerns raised by Petitioner, as well as the conduct alleged in the Reply (Reply at 6), Respondents shall file a status report on May 6, 2026, informing the Court of the status of Petitioner's removal.

## CONCLUSION

In accordance with the above, the Court finds it is no longer clear whether Petitioner is entitled to relief as required by 8 U.S.C. § 2243.  Respondents shall file a status report on or before May 6, 2026, informing the Court and parties as to the status of Petitioner's removal.

IT IS SO ORDERED.

Dated:  **April 17, 2026**

_____
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE