UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANH THI NGO,<br>Petitioner,<br>v.<br>CHESTNUT, et al.,<br>Respondents. | No. 1:26-cv-2693 DJC AC<br><br>ORDER |

Petitioner, an immigration detainee, proceeding through counsel, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 29, 2026, the Magistrate Judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within three days. ECF No. 28. Respondents filed objections to the findings and recommendations. ECF No. 29.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be

supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 28) are adopted in full.

2. Petitioner's amended petition for writ of habeas corpus (ECF No. 16) be GRANTED on Claims Three and Five, as follows:

a. Respondents shall IMMEDIATELY RELEASE petitioner Anh Thi Ngo (A# 071-007-750) with the same conditions she was subject to immediately prior to her detention on September 16, 2025. At the time of release, respondents must return all of petitioner's documents and possessions.

b. Respondents shall not impose any additional restriction on petitioner unless it is determined to be necessary at a future pre-deprivation/custody hearing.

c. Respondents are ENJOINED AND RESTRAINED from:

i. Re-detaining petitioner, absent exigent circumstances, unless they provide at least 7 days' written notice to petitioner and hold a pre-deprivation bond hearing before a neutral decisionmaker, at which hearing respondents will bear the burden of demonstrating (1) material changed circumstances that there is a significant likelihood that petitioner will be removed in the reasonably foreseeable future, or (2) petitioner is a flight risk or danger to the community such that her physical custody is legally justified. Petitioner's eligibility for bond must be considered at that time.

ii. Removing petitioner to a third country unless respondents adhere to the following procedures:

1. Provide petitioner a meaningful opportunity and a minimum of ten days to raise a fear-based claim for protection prior to removal;

2. If petitioner demonstrates reasonable fear of removal to the third country, respondents must reopen petitioner's removal proceedings; and

3. If petitioner is not found to have demonstrated a reasonable fear of removal to the third country, respondents must provide a meaningful

opportunity and a minimum of fifteen days for petitioner to seek reopening of his immigration proceedings.

3. In the interest of judicial economy, Claims One, Two and Four are DISMISSED WITHOUT PREJUDICE Claims.

4. Petitioner's request for attorney's fees and costs (ECF No. 16 at 32) is DENIED WITHOUT PREJUDICE to bringing a properly noticed and supported motion.

5. The Clerk of the Court is directed to enter judgment in petitioner's favor, serve Golden State Annex with a copy of this Order, and close this case.

IT IS SO ORDERED.

Dated: **November 3, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

AC/df:805.hc.2241.imm